SILVA BROTHERS & CO., APPELLANTS, *v.* REGISTRAR OF SAN JUAN, RESPONDENT.

APPEAL from a Decision of the Registrar of Property Refusing to Record a Deed of Purchase and Sale.

No. 428.—Decided March 12, 1920.

PARTNERSHIP—ARTICLES OF PARTNERSHIP.—The fact that a partnership acquired a property before its articles of partnership were executed is not sufficient to justify the conclusion that two distinct partnerships are referred to, for

the partnership may have existed before its formation was made to appear in a public instrument. This fact is evident in the present case in which the partnership contract shows that the partnership existed previously because a commercial establishment which the partners already had was contributed to the partnership capital.

ID.—LIQUIDATION.—Although a partnership is dissolved and is being liquidated it continues to be the owner of its properties and may dispose of them independently of the liquidator.

ID.—PRINCIPAL—AGENT.—Although an agent cannot acquire the property of his principal, this prohibition is to be construed strictly and if the principal himself sells the property to the agent the agency is understood to be revoked and the prohibition does not apply.

The facts are stated in the opinion.

Messrs. H. Torres and F. Marchán for the appellant.

The respondent appeared by brief.

MR. JUSTICE ALDREY delivered the opinion of the court.

By a public deed of September 24, 1891, José Silva Albert and José Silva Quintana formed the mercantile partnership of J. Silva & Co., contributing to its assets the commercial establishment which they had in the ward of Río Cañas, Caguas. A few months thereafter by a deed of January 3, 1892, they dissolved the partnership, leaving its liquidation to another partnership which was created by the same document and composed of José Silva Albert, Ramón Silva Albert and Nicanor Esteves under the firm name of Silva Brothers & Co. On the same day and under the next number of the notary's protocol the two partners of J. Silva & Co. sold in the name of the partnership to Silva Brothers & Co. a property of forty acres in the ward of Quebrada Arenas which they said the partnership of J. Silva & Co. had purchased on July 27, 1891, and which was recorded in the name of the firm in the registry of property.

These documents having been presented to the registrar, he refused to record the property for the following reasons:

"First: The said property appears recorded in the name of a partnership called J. Silva & Co. as acquired on July 27, 1891, while the vendor partnership was formed on September 24, 1891, or some time after the date of such acquisition, from which contradiction it is presumed that, although having the same partnership name, the

two partnerships are different, and this presumption is not destroyed by a mere statement in the deed of sale connecting the two dates without any explanation or proof on that point, for it does not appear from the articles of partnership that the vendor partnership is a continuation or the liquidator of the one in whose name the property is recorded, nor that the effects of the said articles should be retroactive and it only appeared to be a continuation of the extinct firm of José Silva Quintana; therefore article 20 of the Mortgage Law is applicable to this case.     Second: Even supposing that there was only one partnership of J. Silva & Co., it was dissolved by deed number 5 of January 3, 1892, and the sale is made in its name as if such dissolution had not been made by this deed number 6 of the same day, but subsequent to this dissolution; therefore there is a contradiction between the two deeds; Third: The vendee partnership is the liquidator of J. Silva & Co., as appears from said deed No. 5, and as such it can not acquire properties of the latter by purchase for the reason that it is entrusted with their administration, according to section 1362 of the Civil Code.   A cautionary notice is entered instead for the legal period at folio 57 of volume 7 of Río Piedras, property No. 313, entry letter A."

Silva Brothers & Co. appealed from that decision, praying for its reversal and for an order that the property be recorded in their name.

The simple fact that the property was purchased by J. Silva & Co. on July 27, 1891, or two months before their articles of partnership were set forth in the public document of September 24 of the same year, is not sufficient to warrant the conclusion that the vendor partnership and the partnership appearing as owner in the registry are different, for the said partnership may have existed although its formation did not appear in a public instrument, particularly when the articles of partnership show that the partnership did exist previously, because it contributed to the partnership assets a commercial establishment which it had in the ward of Río Cañas; therefore article 20 of the Mortgage Law is not applicable.

The second ground for refusal to record the deed is that there is a contradiction between the deed of dissolution and

the deed of sale because the partners of J. Silva & Co. sell the property in the name of this partnership as if it were not dissolved and in liquidation, the registrar being of the opinion, as expressed in his brief, that the sale should have been made in the name of the partnership in liquidation, admitting its dissolution, or in the name of its ex-partners as common owners of the property, but not as property of the partnership.

The members of a partnership are not co-owners of its property because the property belongs to the legal entity, therefore the partners of J. Silva & Co. could not sell in their own names the property here involved, but had to make the sale, as they did, in the name of the partnership of which they were members. It is true that when the sale was made the partnership was already dissolved and in liquidation, but for that sole reason it was not required that the sale should be made by the liquidator partnership, inasmuch as J. Silva & Co. continued to be the owners of the property notwithstanding the dissolution of the firm. The case of *Porto Rico Fruit Exchange* v. *Registrar of San Juan,* 27 P. R. R. 695, cited by the respondent in his brief in support of this ground of his decision, is not applicable to this case, because that case referred to a partner who had become the sole owner of all the properties of the partnership by virtue of an assignment made to him by the other partners, and therefore he had to act as such sole owner of the properties.

Finally, in view of the fact that Silva Brothers & Co. purchased the property in question from J. Silva & Co. immediately after the latter had designated the former as its liquidator, as is shown by the fact that the deed of purchase and the deed of dissolution were executed on the same day, the former bearing the number of the notary's protocol following that of the latter, we doubt that the purchaser was actually entrusted with the administration of the property purchased and rather feel inclined to believe that it was not;

but in any event the purchase is not null and void under subdivision 2 of section 1362 of the Civil Code, because, as this court said in *Mancheño* v. *Le Brun et al.,* 14 P. R. R. 461, in considering a sale made by a principal to his agent, "from the moment that the principal sells such property to his agent the agency given ceases and he recovers the power to sell and administer which he had granted, the legal ground for the incapacity disappearing." That prohibition of law has always been construed strictly because it tends to restrain the freedom of contracting. The contract is ratifiable and the action to obtain its nullity can be barred by limitation, and twenty-seven years have elapsed since the contract here involved was executed. *Bengoa* v. *Registrar of Property,* 14 P. R. R. 105; *Ledesma et al.* v. *Agrait et al.,* 19 P. R. R. 541; *Turner* v. *Registrar of San Juan,* 22 P. R. R. 535; *Seoane* v. *Registrar of Caguas,* 23 P. R. R. 753; *Castelló et al.* v. *Pérez et al.,* 23 P. R. R. 709.

For the foregoing reasons the decision appealed from must be reversed and the record ordered.

*Reversed.*

Chief Justice Hernández and Justices Wolf and Hutchison concurred.

Mr. Justice del Toro concurred in the judgment.